IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RED ROCKS RESOURCES L.L.C., d/b/a Red Rocks Oil and Gas Operating, a Colorado Limited Liability Company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-14-0948-C |
| TRIDENT STEEL CORPORATION, a Missouri corporation, | ) ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| LAGUNA TUBULAR PRODUCTS CORPORATION, and NORTH AMERICAN INTERPIPE, INC., | ) ) ) ) | |
| Third-Party Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff sued Defendant Trident Steel Corporation ("Trident") for an alleged failure of oil field pipe. According to Plaintiff, after placing pipe purchased from Trident in a well, the pipe failed and thereby caused harm to Plaintiff. In response to Plaintiff's action, Trident sued North American Interpipe, Inc. ("North American") and Laguna Tubular Products Corporation ("Laguna") for their alleged roles in the pipe failure. North American then filed a cross-claim against Laguna seeking indemnity. Laguna's role in the matter was to accept pipe that North American had purchased elsewhere, heat-treat it, inspect and thread it, and then return it to North American. This process, as well as Laguna's interaction with North

American, all occurred within the state of Texas. After being brought into the present action, Laguna filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), arguing the Court lacks personal jurisdiction over it. After an initial round of briefing, the Court determined that additional discovery was warranted and granted the parties additional time to conduct that discovery. The parties have completed their jurisdictional discovery and filed supplemental briefs.

A court may exercise personal jurisdiction over a non-resident defendant only where "minimum contacts" exist between the defendant and the forum state. See Benton v. Cameco Corp., 375 F.3d 1070, 1075 (10th Cir. 2004). Personal jurisdiction may then be exercised under either specific jurisdiction or general jurisdiction. General jurisdiction permits an action against a defendant for any cause of action after a determination that the defendant's conduct in connection with the state was such that, despite any lack of physical presence, the state's exercise of sovereignty over it can be described as fair and just. Dudnikov v. Chalk & Vermillion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008). On the other hand, specific jurisdiction permits jurisdiction over a defendant specifically related to its activities within the forum state.

Here, Trident and North American seek to impose personal jurisdiction over Laguna under both theories. However, after examining the facts presented by these parties, the Court finds that jurisdiction is not proper under either theory.

Before general jurisdiction exists, the plaintiff must make a prima facie showing that the defendant is "essentially at home" in the forum state. Daimler AG v. Bauman, ___ U.S.

___, 134 S.Ct. 746, 760-61 (2014). In determining whether general jurisdiction exists, the court considers (1) local office or agents, (2) regular sales trips to the forum state, (3) advertisements, listings, or bank accounts in the forum state, and (4) the volume of business conducted in the state. Kuenzel v. HTM Sport-Und Freizeitgerate AG, 102 F.3d 453, 457 (10th Cir. 1996). In seeking to meet these requirements, Trident asserts three facts learned during jurisdictional discovery. First, Laguna has a business relationship and solicits business from customers located in the state of Oklahoma; second, Laguna representatives have traveled to Oklahoma to solicit business from customers in Oklahoma; and finally Laguna has knowledge that its products are sold and used in Oklahoma. Trident's arguments overstate the reach of the supporting evidence. The evidence demonstrates that Laguna does not have a local office or agent in Oklahoma and does not conduct regular sales trips to Oklahoma. Rather, there have been two occasions in a four-year period during which Laguna employees visited Oklahoma, and that was to visit the satellite of a Texas-based prospective client regarding services or products to be provided in Texas. Laguna has never sold a single product or service to an Oklahoma resident and does not advertise in this state. While it has responded to unsolicited requests from certain potential customers seeking price quotes, no sales occurred as a result of these e-mails or price quotes.

In Monge v. RG Petro-Mach. (Grp.) Co. Ltd., 701 F.3d 598, 620 (10th Cir. 2012), the Tenth Circuit rejected a finding of general jurisdiction under facts more compelling than exist here. In Monge, there was evidence of sales of at least four and possibly twelve rigs, eight e-mails regarding those sales, and an e-mail from two other prospective clients in Oklahoma,

as well as sales trips to Oklahoma City to visit those prospective clients. The Tenth Circuit found that those contacts were not sufficient to be continuous and systematic and thereby support general personal jurisdiction. In accord with the reasoning applied in Monge, the Court finds that neither Trident nor North American has established a prima facie showing that general jurisdiction is appropriate in this case.

Laguna is also not subject to specific jurisdiction in Oklahoma. The Tenth Circuit has specifically rejected allowing specific jurisdiction to be based upon contacts with the forum state without a causal connection to the claim and the alleged injuries at issue. See Dudnikov, 514 F.3d at 1078-79. Here, there is no evidence that the alleged injuries by Red Rocks or to the well operated by Red Rocks which gave rise to this litigation arose from actions Laguna took in the state of Oklahoma or directed at the state of Oklahoma. Rather, the evidence clearly establishes that Laguna's involvement arose from North American's request in the state of Texas to process pipe in the state of Texas and the subsequent re-delivery of that pipe to North American in the state of Texas. Thus, any harm allegedly caused by Laguna's activities occurred within the state of Texas. Thus, the Court cannot exercise specific personal jurisdiction over Laguna.

For the reasons set forth herein, Laguna Tubular Products Corporation's Motion to Dismiss Trident Steel Corporation's Third-Party Complaint (Dkt. No. 39) and Laguna Tubular Products Corporation's Motion to Dismiss North American Interpipe, Inc.'s Crossclaim (Dkt. No. 40) are GRANTED.

IT IS SO ORDERED this 9th day of November, 2015.

ROBIN J. CAUTHRON
United States District Judge