IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RED ROCKS RESOURCES L.L.C., d/b/a Red Rocks Oil and Gas Operating, a Colorado Limited Liability Company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-14-0948-C |
| TRIDENT STEEL CORPORATION, a Missouri corporation, | ) ) ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| NORTH AMERICAN INTERPIPE, INC., | ) ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action against Defendant Trident Steel Corporation ("Trident") after casing it had placed in an oil well failed. Trident in turn sued North American Interpipe, Inc. ("NAI") and Laguna Tubular Products Corporation ("Laguna"). Laguna filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2), arguing the Court lacked personal jurisdiction over it. The Court granted the parties additional time to conduct jurisdictional discovery and ultimately granted Laguna's Motion to Dismiss. Defendant NAI now requests the Court reconsider that decision. In support of its motion, NAI argues that during discovery in an independent case it learned additional facts which support this Court's exercise of personal jurisdiction over Laguna. To that end, NAI requests the Court vacate

its earlier Order and reinstate Laguna as a party to this case. Plaintiff objects, arguing that NAI has failed to satisfy its burden to warrant reconsideration of the Court's previous Order.

To be entitled to a change in the Court's prior Order, NAI has the burden to show one of three things: (1) an intervening change in the controlling law, (2) the existence of new evidence that was previously unavailable, or (3) the need to correct clear error or prevent manifest injustice. Servants of the Paraclete v. Does I-XVI, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, neither party suggests that the controlling law has changed. Thus, the first option is inapplicable. While NAI has offered some additional evidence that was not earlier considered by the Court, it offers no argument or evidence demonstrating that that information was not or could not have been available to it previously during the period the parties were conducting jurisdictional discovery. Thus, the second option does not provide a basis on which to reconsider the Court's Order. Finally, as for the third prong, NAI has not demonstrated the existence of clear error or manifest injustice. As Plaintiff notes, the claims between NAI and Laguna are in the nature of indemnity. Certainly nothing would prevent NAI from obtaining relief on any claim it may have against Laguna in a court which has personal jurisdiction over Laguna. Therefore, there is no compelling reason to pursue those claims here. Further, returning Laguna to this case at this stage would work a significant prejudice to Plaintiff. This matter is currently set for trial on the Court's January 10, 2017, docket. Bringing Laguna into the action would require an extension of that date. As this case has already been pending for nearly two years, additional delay is unwarranted.

For the reasons set forth herein, NAI's Motion to Reconsider Laguna Tubular Products Corporation's Motion to Dismiss for Lack of Jurisdiction (Dkt. No. 77) is DENIED.

IT IS SO ORDERED this 17th day of August, 2016.

ROBIN J. CAUTHRON
United States District Judge