IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RED ROCKS RESOURCES L.L.C., d/b/a Red Rocks Oil and Gas Operating, a Colorado Limited Liability Company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-14-0948-C |
| TRIDENT STEEL CORPORATION, a Missouri corporation, | ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| NORTH AMERICAN INTERPIPE, INC., | ) ) | |
| Third-Party Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff has filed a Motion for Leave to Supplement Expert Reports (Dkt. No. 120), as well as a Motion for Leave to Supplement Its Final Witness List [Doc. 101] and Final Exhibit List [Doc. 102] (Dkt. No. 121). According to Plaintiff in January of 2017, within the discovery period set forth in the Scheduling Order in this case, it hired a company to shoot a downhole video to document the current state of the wellbore and the remaining casing contained within that wellbore. Plaintiff asserts that as a result of that video its experts, Messrs. Hadjioannou and Watson, have prepared and provided to Defendant supplements to their expert reports. Plaintiff has also provided a copy of the video to counsel for Defendant Trident and counsel for North American Interpipe ("NAI").

Plaintiff also requests leave to supplement its Final Witness and Exhibit Lists to identify the witnesses in support of the video, as well as the video itself. Defendant objects to Plaintiff's requests, arguing that the supplemental expert reports substantially alter the experts' opinions and that to permit Plaintiff's request at this late date would require the parties to begin discovery anew. According to Defendant, the video raises claims about anomalies in the piping at levels far below those ever suggested before and this is a substantial and material change to the scope of the case.

After consideration of the arguments raised by the parties in their respective briefs, the Court finds little support for Defendant's claims of a material change. Review of Plaintiff's Complaint reveals that this case has always contained an allegation of defective pipe that failed in the wellbore. The supplement now proposed by Plaintiff simply offers video evidence which Plaintiff argues supports its claims, and while it does demonstrate failures in areas previously undisclosed, that change is not so material as to unfairly prejudice Defendant. Rather, the accommodations Plaintiff has offered, such as permitting an additional deposition of the experts to address the information contained in their supplemental reports, as well as some agreements related to any additional necessary discovery as a result of those supplements, seem to address discovery matters that were indeed obtained during the course of discovery. Further, the Court has previously granted Plaintiff's request to extend the trial date in this case and that additional time should provide the parties ample opportunity to resolve the matter. Additionally, the Court will permit Defendant to refile its recently filed Motions in Limine, which seek to exclude

certain portions of the experts' testimony. Finally, in the event additional time is needed, the parties may submit a properly supported request explaining the reasons additional time is needed and that matter will be considered.

For the reasons set forth herein, Plaintiff's Motion for Leave to Supplement Expert Reports (Dkt. No. 120) and Plaintiff's Motion for Leave to Supplement Its Final Witness List [Doc. 101] and Final Exhibit List [Doc. 102] (Dkt. No. 121) are GRANTED. To the extent that information has not already been provided, Plaintiff shall provide the supplemental expert reports and the revised witness and exhibit lists within five (5) days of the date of this Order. Defendant's Motions in Limine (Dkt. Nos. 127 & 128) are STRICKEN and may be refiled within 30 days of the date of this Order.

IT IS SO ORDERED this 21st day of March, 2017.

ROBIN J. CAUTHRON
United States District Judge