IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RED ROCKS RESOURCES L.L.C., d/b/a Red Rocks Oil and Gas Operating, a Colorado Limited Liability Company, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | NO. CIV-14-0948-C |
| TRIDENT STEEL CORPORATION, a Missouri corporation, | ) ) ) | |
| Defendant and Third-Party Plaintiff, | ) ) ) ) | |
| v. | ) ) | |
| NORTH AMERICAN INTERPIPE, INC., | ) ) ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff purchased casing from Defendant Trident. According to Plaintiff, when using that casing while drilling an oil well, the casing failed due to defects. As a result, the well was lost. Plaintiff then brought this action against Defendant Trident asserting claims for defective product, breach of implied merchantability, breach of the implied warranty of fitness for a particular purpose, and negligence. Trident has filed a Motion for Partial Summary Judgment arguing that the undisputed material facts entitle it to judgment on certain of Plaintiff's claims.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## **DISCUSSION**

Trident first argues that due to the economic loss rule Plaintiff's tort claims are barred as a matter of law. Oklahoma adopted the economic loss rule in <u>Waggoner v. Town & Country Mobile Homes, Inc.</u>, 1990 OK 139, 808 P.2d 649. The Oklahoma Supreme Court explained the rule as follows: "[I]n Oklahoma no action lies in manufacturers' products liability for injury only to the product itself resulting in purely economic loss." <u>Id.</u> at 1990 OK 139, ¶ 22, 808 P.2d at 653. Relying on this doctrine, Trident argues that because Plaintiff's claims are for solely economic loss, it is entitled to judgment.

In response, Plaintiff argues that its claims for damages are not solely for loss to the property itself. Rather, it argues it suffered the loss of the well itself as a result of the defects. In this manner, Plaintiff argues that it has brought claims broader than those for damage only to the product itself and thus it is entitled to recover. Indeed, in <u>Dutsch v. Sea Ray Boats, Inc.</u>, 1992 OK 155, 845 P.2d 187, 194, the Oklahoma Supreme Court acknowledged that <u>Waggoner</u> does not extend beyond situations where the damage is only to the product itself. If there is damage to other items, then the economic loss doctrine does not apply. In its Reply, Trident argues that the loss to the wellbore is a consequential damage, therefore there is no evidence of damage to anything other than the product itself, and thus the economic loss doctrine should apply. However, the cases on which Defendant relies are distinguishable. In each case, the allegedly defective product was a part of the overall product for which loss was claimed. Here, the casing is separate and distinct from the well. Because Plaintiff seeks to recover for the loss of that well in

3

addition to the loss of the defective product, it is seeking to recover damages for loss to something other than the allegedly defective product. For this reason, the economic loss doctrine set forth in Waggoner is inapplicable and Defendant's Motion for Partial Summary Judgment on this issue will be denied.

Defendant's second argument seeks to impose certain limitations found on the back of an invoice submitted to Plaintiff following purchase of the casing. These limitations would essentially eliminate any claim for damages arising from using the allegedly defective casing. The Court previously addressed a similar argument related to terms found on the invoices in denying Defendant Trident's Motion to Dismiss. Trident argues here that additional facts have been developed which demonstrate that the contract was not complete at the time the Court found in its earlier Order. The question that is determinative on this issue is when the contract between the parties was formed. In ruling on the Motion to Dismiss, the Court determined that once Plaintiff accepted Defendant's price and quantity terms for the sale of casing, the contract was complete. Later actions such as submitting the invoice or ultimately paying that invoice were actions taken in performance of the contract, rather than in acceptance of additional terms contained in those invoices. In an attempt to reach a different result, Defendant argues that discovery has determined that prior to accepting the casing Defendant hired a third party to inspect it. Defendant then directs the Court to 12A Okla. Stat. § 2-513 which provides that a purchaser has a right to inspect goods prior to accepting them. Trident argues that this

inspection was a part of the acceptance of the contract and therefore the terms and conditions that arrived with the invoice became part of the parties' contract.

The Court finds the additional information learned in discovery insufficient to warrant a change in the earlier decision. That Plaintiff inspected the piping after receiving it from Defendant does not dictate that the contract was not yet formed. Rather, as the Court previously determined, it is clear that upon Plaintiff's acceptance of the price and quantity terms, the contract was complete. Any later inspection served only to provide a mechanism by which Plaintiff could reject certain products, which did not meet the required specifications. The material alteration that would exist by enforcing the terms argued by Defendant was never a part of the parties' negotiations and certainly, there was no meeting of the minds or acceptance by Plaintiff of that alteration. To the extent Trident argues that the course of dealings between the parties amounted to an acceptance of the terms and conditions set forth in the invoice because Plaintiff never objected to those also fails. The Third Circuit addressed a similar argument stating,

> "[T]he repeated sending of a writing which contains certain standard terms, without any action with respect to those terms, cannot constitute a course of dealing which would incorporate a term of the writing otherwise excluded under § 2-207."

Altronics of Bethlehem, Inc. v. Repco, Inc., 957 F.2d 1102, 1108 (3d Cir. 1992) (quoting Step-Saver Data Sys., Inc. v. Wyse Tech., 939 F.2d 91, 104 (3d Cir. 1991)).

Indeed, as Plaintiff notes, the Oklahoma Commercial Code and relevant case law clearly establish that express acceptance is required before material alterations can occur. Accordingly, Defendant's Motion for Partial Summary Judgment is denied on this issue.

## CONCLUSION

For the reasons set forth herein, Defendant Trident Steel Corporation's Motion for Partial Summary Judgment (Dkt. No. 130) is DENIED.

IT IS SO ORDERED this 10th day of April, 2017.

ROBIN J. CAUTHRON
United States District Judge