IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RED ROCKS RESOURCES L.L.C., | ) | |
| d/b/a Red Rocks Oil and Gas | ) | |
| Operating, a Colorado Limited | ) | |
| Liability Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-0948-C |
| | ) | |
| TRIDENT STEEL CORPORATION, | ) | |
| a Missouri corporation, | ) | |
| | ) | |
| Defendant and | ) | |
| Third-Party Plaintiff. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court are the following Motions: Plaintiff's Motion in Limine to

Exclude Trident's Witnesses and Evidence Attempting to Place Blame on Non-Parties

(Dkt. No. 161), Plaintiff's Motion in Limine to Exclude Any Evidence or Mention of the

Alleged "Innocent Seller" Defense (Dkt. No. 162), Plaintiff's Motion in Limine to Exclude

Mr. Gary W. Wooley as Trident's Expert and to Exclude his Alleged Expert Report (Dkt.

No. 163), Trident Steel Corporation's Motions in Limine (Dkt. No. 156), and Defendant

Trident Steel Corporation's Motion in Limine to Exclude Certain Testimony of Plaintiff's

Expert, John Hadjioannou, P.E. (Dkt. No. 158). The parties have responded and the

Motions are now at issue.

I. Plaintiff's Motion in Limine to Exclude Evidence Placing Blame on Non-Parties

Plaintiff requests this Court "forbid [Defendant] from . . . in any way mentioning or

insinuating that the liability for the defective product should be placed on non-parties to

this action." (Pl.'s Mot. in Lim., Dkt. No. 161, p. 1.) Plaintiff argues a list of witnesses, exhibits, and general arguments should be barred as irrelevant and misleading to the jury.

Plaintiff bases much of its argument on Defendant's responses to the Complaint and the witness and exhibit lists, which no longer govern the proceedings. The Final Pretrial Report controls at trial and the Court will instruct the jury on the proper considerations for each claim. The Court will not issue a blanket order preventing discussion of the actions and non-actions of non-parties when one of the central issues is whether the subject casing was defective at the time of sale. Thus, Defendant's evidence of the manufacturing process is relevant and will aid the jury's understanding of the case. Plaintiff may submit a limiting instruction to aid the jury at the time such evidence is admitted. Plaintiff's Motion is DENIED, but the Court will consider objections regarding any improper mention of non-party liability at trial.

II. Plaintiff's Motion in Limine to Exclude Innocent Seller Defense

Plaintiff requests the exclusion of any information related to the innocent seller defense to Plaintiff's manufacturer's products liability claim because it is not an available defense and any mention of it would be misleading to the jury. See 76 Okla. Stat. § 57.2(E). Defendant states the statute is not included in the Final Pretrial Report and it will not reference the affirmative defense at trial. Defendant argues any order preventing it from presenting information generally related to the manufacture, treatment, inspection, and use of the subject casing would be overly broad and inhibit a meaningful defense. The

Court agrees.   However, because the Motion only requests a specific prohibition of the innocent seller defense, it is GRANTED.

III. Plaintiff's Motion in Limine to Exclude Dr. Gary W. Wooley

Plaintiff requests the exclusion of Dr. Wooley's testimony and expert report materials.   Defendant responded that it will not call Dr. Wooley as an expert, nor will it introduce his expert reports.   Dr. Wooley is not listed in the Final Pretrial Report.   Given Defendant's concession, Plaintiff's Motion is GRANTED.

IV. Defendant's Motions in Limine

Defendant requests the Court exclude certain evidence from trial including: (a) unrelated lawsuits and dissimilar products sold by Trident, (b) settlement negotiations, (c) undisclosed demonstrative exhibits, (d) Trident's financial worth, (e) certain undisclosed opinions, (f) Trident's insurance coverage, (g) attorneys' fees and expenses, and (h) "for the community" arguments.   Each is addressed below.

A. Unrelated Lawsuits and Dissimilar Products Sold by Trident

Defendant requests the preclusion of any reference to other products it has sold or other lawsuits involving those products.   Defendant argues its customers order custom products from various distributors and manufacturers that are used under materially different circumstances.   Any reference to a lawsuit involving other products would not be relevant to whether the subject casing was defective and would force Defendant to show the dissimilarities between its products, potentially confusing the jury.   In support of its argument, Defendant summarizes the governing law as "[e]vidence of the existence of

3

other alleged defects in products existing at a remote time, different place[,] or under different circumstances and conditions generally is inadmissible." (Def.'s Mot. in Lim., Dkt. No. 156, p. 3.) In support of this purported legal standard, Defendant cities cases applying a rule of negligence, which the Court finds unpersuasive.

Plaintiff argues evidence of other defective casing from the Tema Oil & Gas case is admissible because the circumstances were substantially similar to this case because both products were from the same manufacturer and heat-treater, and Defendant sold the products within a short timeframe to Plaintiff and Tema Oil & Gas. Plaintiff also intends to introduce the evidence to show Defendant had notice the casing may be defective and therefore should pay punitive damages.\*

When applying Oklahoma law, the Tenth Circuit stated "[i]n a products liability case, evidence of other accidents is not admissible to prove a defect unless the facts of the other accidents are substantially similar." Ahrens v. Ford Motor Co., 340 F.3d 1142, 1145–46 (10th Cir. 2003) (citation omitted). The degree of similarity required depends on what the proponent intends to prove with the evidence. Wheeler v. John Deere Co., 862 F.2d 1404, 1407–08 (10th Cir. 1988). If the proponent seeks to show the existence of a dangerous condition, there must be a high degree of similarity between the two sets of evidence because the question "weighs directly on the ultimate issue to be decided by the jury." Id. at 1407. However, the requirement is relaxed if the evidence is submitted to

---

\* The Court notes Defendant's objection to punitive damages and does not purport to make a ruling on the issue in this Order.

show "notice or awareness of the potential defect." Id. at 1408 (citation omitted). It is preferable for the proponent to lay the foundation of similarity outside the presence of the jury. Id. at 1407 (citation omitted).

Here, Plaintiff seeks to use the comparison between the subject casing and the Tema Oil & Gas casing to "prove the existence of manufacturing defects in the failed casing at issue" and "to show that [Defendant] was aware, or did not care, that the casing it was selling to [Plaintiff] was likely to contain defects." (Pl.'s Resp. to Def.'s Mot. in Lim., Dkt. No. 183, p. 2.) Because whether a manufacturing defect existed in the subject casing is an ultimate issue for the jury, Plaintiff will bear the burden of showing a high degree of similarity between the two casing sets at a hearing outside the presence of the jury. Accordingly, Defendant's Motion is DENIED on this issue; however, the parties shall not offer such evidence without first approaching the bench.

B. Settlement Negotiations

Defendant requests that the Court bar any reference to offers of settlement, compromise, offer of payment, settlement agreement, or amount of settlement because the information is irrelevant and prejudicial to Defendant. Plaintiff concedes it does not intend to offer such evidence at trial. The Motion is GRANTED on this issue.

C. Undisclosed Demonstrative Exhibits

Defendant requests a prohibition of demonstrative exhibits until counselors have had the opportunity to view them outside the presence of the jury. After Plaintiff's

response, Defendant states the parties will come to an agreement regarding demonstrative exhibits prior to trial.   This issue is MOOT.

D. Trident's Financial Worth

Defendant requests the exclusion of any reference to Defendant's financial worth as irrelevant and prejudicial.   Plaintiff concedes this will not be at issue unless the jury awards punitive damages.   At this time, Defendant's Motion is GRANTED on this issue and the Court notes the decision is subject to reconsideration.

E. Undisclosed Expert Opinions or Certain Layperson Opinions

Defendant argues for the exclusion of two drilling managers' testimony because they should be considered experts.   Defendant asserts Plaintiff is attempting to evade the Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) analysis and the disclosure requirements of Fed. R. Civ. P. 26(a)(2) by eliciting testimony from witnesses about Plaintiff's operations and other conditions surrounding the subject casing.   Plaintiff responds that the managers will testify regarding their recollection of the drilling of the Virgil Dougherty #4 Well.   As long as the managers are offering testimony based on their own experiences, they are considered fact witnesses.   Defendant's Motion in this issue is DENIED.

F. Insurance Coverage

Defendant requests that the Court bar any reference to Defendant's insurance coverage.   Plaintiff concedes and the Motion is GRANTED on this issue.

G. Attorneys' Fees and Expenses

Defendant requests the exclusion of evidence regarding attorneys' fees and expenses at trial. Plaintiff concedes and the Motion is GRANTED on this issue.

H. "For the Community" Arguments

Defendant predicts Plaintiff may ask the jury to assess damages based on some reason other than the proper evidence and jury instructions. This leads Defendant to ask the Court to prevent Plaintiff from making statements along the line of "sending a message" to Defendant's management that the community demands justice. Plaintiff states it will not assert these types of arguments during trial. Accordingly, Defendant's Motion is GRANTED on this issue.

V. Defendant's Motion in Limine to Exclude John Hadjioannou, P.E.

Defendant argues for partial exclusion of Plaintiff's expert, John Hadjioannou, because he did not employ scientifically valid methodology in his report. Specifically, Defendant challenges the information regarding the Tema Oil & Gas casing and the nondestructive testing of the recovered and replacement casing from the Virgil Dougherty #4 Well.

A court must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Adamscheck v. Am. Family Mut. Ins. Co., 818 F.3d 576, 586 (10th Cir. 2016) (citation and internal quotation marks omitted). First, the expert testimony must be scientifically reliable, and second, it must be relevant under Fed. R. Evid. 702. Id. at 588 nn. 7. A court will consider "the specific relation between an

expert's method, the proffered conclusions, and the particular factual circumstances of the dispute, and not asymptotic perfection" to find proffered testimony is reliable and relevant. Bitler v. A.O. Smith Corp., 400 F.3d 1227, 1234 (10th Cir. 2005).

Defendant has not challenged Hadjioannou's qualifications as a witness, but argues the method he employed was not scientifically sound. Defendant states Hadjioannou simply reviewed a report provided by Plaintiff and did not conduct an independent investigation to form his own opinion. Plaintiff responds Hadjioannou used the report from the Tema Oil & Gas case to compare the different casing failures after he completed his own analysis. After reviewing the report, it appears Hadjioannou conducted his own tests of the subject casing and compared his results to the Tema Oil & Gas report, drawing his own conclusions about the similarities of the defects found in both sets of casing.

Defendant argues the nondestructive testing conclusions were not scientifically sound. Part of the argument is based on Hadjioannou's word choice, which is not part of his scientific method. The other problem cited was Hadjioannou's reliance on the "WVEI EMI Casing & Tubing Inspection Report" because the report did not specify the defect's nature. Defendant failed to attach the report, but the Court does not find any information in Hadjioannou's report that indicates his opinion is not based on facts that satisfy Rule 702's reliability requirements. See Bitler, 400 F.3d at 1233. The Court also finds all the information Defendant seeks to exclude is relevant to the claims presented and the jury should be allowed to apply Hadjioannou's information to the facts. Accordingly, Defendant's Motion is DENIED.

CONCLUSION

For the reasons stated, Plaintiff's Motion in Limine to Exclude Evidence to Place Blame on Non-Parties (Dkt. No. 161) is DENIED, Plaintiff's Motion in Limine to Exclude Mention of Innocent Seller Defense (Dkt. No. 162) is GRANTED, Plaintiff's Motion in Limine to Exclude Dr. Gary W. Wooley (Dkt. No. 163) is GRANTED, Defendant's Motions in Limine (Dkt. No. 156) is GRANTED in part and DENIED in part, and Defendant's Motion in Limine to Exclude John Hadjioannou, P.E. (Dkt. No. 158) is DENIED.

IT IS SO ORDERED this 25th day of May, 2017.

ROBIN J. CAUTHRON
United States District Judge